Paul S. White, Esq., pwhite@tsmp.com, SBN 146989
Evan B. Sorensen, Esq., esorensen@tsmp.com, SBN 187377
Rina Carmel, Esq., rcarmel@tsmp.com, SBN 208311
TRESSLER, SODERSTROM, MALONEY & PRIESS
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: (310) 203-4800
Facsimile:  (310) 203-4850

Attorneys for Defendant
FEDERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISCOVER BANK, a Delaware Financial Institution, and DISCOVER FINANCIAL SERVICES, INC., a Delaware Corporation.<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana Corporation<br><br>Defendant. | CASE NO.  C-05-01622 JCS<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF FEDERAL INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: April 19, 2005 |

COMES NOW Defendant FEDERAL INSURANCE COMPANY ("Federal" or "Defendant"), by and through its counsel of record, and hereby responds to Plaintiffs DISCOVER BANK and DISCOVER FINANCIAL SERVICES, INC.'s (collectively "Plaintiffs" or "Discover") Complaint for: (1) Declaratory Relief; (2) Breach of Contract; and (3) Breach of the Covenant of Good Faith and Fair Dealing ("Complaint") and admits, denies and alleges as follows:

1.     In response to paragraph 1 of the Complaint, Federal admits that Discover has filed a complaint against Federal.  Federal also admits that it issued insurance policies to Plaintiffs ("Federal Policies").  As to the remaining allegations in paragraph 1 of the Complaint, Federal denies the same.

2.     In response to paragraph 2 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

3.      In response to paragraph 3 of the Complaint, Federal admits that it issued insurance policies to Discover.  In addition, Federal states that the insurance policies speak for themselves and that to the extent the allegations in paragraph 3 are legal argument Federal is not required to respond.  As to the remaining allegations in paragraph 3, Federal lacks sufficient information to admit or deny the remaining allegations contained therein and, therefore, denies the same.

### PARTIES

4.      In response to paragraph 4 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

5.      In response to paragraph 5 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

6.      In response to paragraph 6 of the Complaint, admit.

### JURISDICTION AND VENUE

7.      In response to paragraph 7 of the Complaint, admit.

8.      In response to paragraph 8 of the Complaint, admit.

### INTRADISTRICT ASSIGNMENT

9.      In response to paragraph 9 of the Complaint, Federal admits only that the claim was reviewed by Federal's Pleasanton, California office but denies to the extent that Plaintiffs' allegations are meant to be exhaustive.  Federal lacks sufficient information to admit or deny the other allegations contained therein and, therefore, denies the same.

### STATEMENT OF FACTS

**A.      The Federal Policies**

10.     In response to paragraph 10 of the Complaint, Federal admits that it sold the referenced insurance policies to Morgan Stanley and that Discover Bank and Discovery Financial Services are named insureds on the Federal Policies.  As to the remaining allegations in paragraph 10, Federal lacks sufficient information to admit or deny the allegations and, therefore, denies the same.

11.    In response to paragraph 11 of the Complaint, Federal states that the insurance policies speak for themselves and that to the extent the allegations in paragraph 11 are legal argument to which Federal is not required to respond.

12.    In response to paragraph 12 of the Complaint, Federal states that the insurance policies speak for themselves and that to the extent the allegations in paragraph 12 are legal argument to which Federal is not required to respond.

13.    In response to paragraph 13 of the Complaint, Federal states that the insurance policies speak for themselves and that to the extent the allegations in paragraph 13 are legal argument to which Federal is not required to respond.  Federal admits that the insurance policies define the term "customer injury" but Federal denies that Discover provides the complete definition of that term.

14.    In response to paragraph 14 of the Complaint, Federal states that the insurance policies speak for themselves and that to the extent the allegations in paragraph 14 are legal argument to which Federal is not required to respond.  Federal admits that the insurance policies define the term "advertising injury" but Federal denies that Discover provides the complete definition of that term.

15.    In response to paragraph 15 of the Complaint, Federal states that the insurance policies speak for themselves.

16.    In response to paragraph 16 of the Complaint, Federal states that the insurance policies speak for themselves.

17.    In response to paragraph 17 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

18.    In response to paragraph 18 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

**B.    The Shakib Litigation**

19.    In response to paragraph 19 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

20.     In response to paragraph 20 of the Complaint, Federal admits that there was a complaint filed against Discover ("Shakib Complaint"), but lacks sufficient information to admit or deny the remaining allegations contained therein and, therefore, denies the same.

21.     In response to paragraph 21 of the Complaint, Federal admits that the Shakib Complaint alleges the referenced causes of action but lacks sufficient information to admit or deny the remaining allegations contained therein and, therefore, denies the same.

22.     In response to paragraph 22 of the Complaint, Federal admits that the Shakib Complaint contains the referenced allegations but denies that the referenced allegations are a complete or comprehensive list of the allegations in the Shakib Complaint.

23.     In response to paragraph 23 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

24.     In response to paragraph 24 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

25.     In response to paragraph 25 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

26.     In response to paragraph 26 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

27.     In response to paragraph 27 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

28.     In response to paragraph 28 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

29.     In response to paragraph 29 of the Complaint, admit.

30.     In response to paragraph 30 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

C.     **The Claims Process**

31.     In response to paragraph 31 of the Complaint, Federal admits only that Discover has requested that Federal defend and indemnify Discover in connection with the Shakib Complaint. Federal denies all the remaining allegations in paragraph 31.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

32.     In response to paragraph 32 of the Complaint, Federal admits that its Pleasanton office has been involved in the handling of this claim.   Federal denies all the remaining allegations in paragraph 32.

33.     In response to paragraph 33 of the Complaint, Federal admits only that it sent a letter to Discover on September 10, 2004.  The September 10, 2004 letter speaks for itself and Federal denies the characterizations made by Discover in paragraph 33.

34.     In response to paragraph 34 of the Complaint, Federal admits only that the September 10 letter references California Civil Code Section 2860 and statutory rates for personal counsel. The September 10 letter speaks for itself and Federal denies the other characterizations made by Discover in paragraph 34.

35.     In response to paragraph 35 of the Complaint, Federal admits only that it sent a letter to Discover on October 13, 2004.   The October 13, 2004 letter speaks for itself and Federal denies the characterizations made by Discover in paragraph 35.

36.     In response to paragraph 36 of the Complaint, Federal admits only that the October 13, 2004 letter includes a declination of coverage and that one of the grounds for denial was a failure of Discover to provide timely notice.  Federal denies all remaining allegations in paragraph 36.

37.     In response to paragraph 37 of the Complaint, Federal admits only that the October 13 letter includes form language that the insured may seek review with the California Department of Insurance.  Federal denies all remaining allegations in paragraph 37.

38.     In response to paragraph 38 of the Complaint, admit.

39.     In response to paragraph 39 of the Complaint, Federal admits only that the referenced endorsement is contained in the Federal Policies.  Paragraph 38 does not reference all endorsements or relevant policy provisions.

40.     In response to paragraph 40 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

41.     In response to paragraph 41 of the Complaint, deny.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

42.    In response to paragraph 42 of the Complaint, Federal states that that to the extent the allegations in paragraph 42 are legal argument Federal is not required to respond. Federal denies all the remaining allegations in paragraph 42.

43.    In response to paragraph 43 of the Complaint, Federal lacks sufficient information to admit or deny the allegations contained therein and, therefore, denies the same.

44.    In response to paragraph 44 of the Complaint, admit.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief: Duty to Defend)

45.    In response to paragraph 45 of the Complaint, Federal reasserts its responses to paragraphs 1-44 of the Complaint as set forth above.

46.    In response to paragraph 46 of the Complaint, admit.

47.    In response to paragraph 47 of the Complaint, Federal admits only the Discover has repeatedly requested that Federal defend and indemnify them in connection with the Shakib Complaint.  Federal denies all the remaining allegations in paragraph 47.

48.    In response to paragraph 48 of the Complaint, deny.

49.    In response to paragraph 49 of the Complaint, deny.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief: Indemnity)

50.    In response to paragraph 50 of the Complaint, Federal reasserts its responses to paragraphs 1-49 of the Complaint as set forth above.

51.    In response to paragraph 51 of the Complaint, admit.

52.    In response to paragraph 52 of the Complaint, Federal admits only the Discover has repeatedly requested that Federal defend and indemnify them in connection with the Shakib Complaint.  Federal denies all the remaining allegations in paragraph 52.

53.    In response to paragraph 53 of the Complaint, deny.

54.    In response to paragraph 54 of the Complaint, deny.

///

///

6

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

**THIRD CLAIM FOR RELIEF**

**(Breach of Contract: Duty to Defend)**

55.    In response to paragraph 55 of the Complaint, Federal reasserts its responses to paragraphs 1-54 of the Complaint as set forth above.

56.    In response to paragraph 56 of the Complaint, Federal admits only that the insurance policies at issue are legal and binding contracts and that Federal has duties under the contracts.  Federal denies all remaining allegations in paragraph 56.

57.    In response to paragraph 57 of the Complaint, deny.

58.    In response to paragraph 58 of the Complaint, deny.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Contract: Duty to Indemnify)**

59.    In response to paragraph 59 of the Complaint, Federal reasserts its responses to paragraphs 1-58 of the Complaint as set forth above.

60.    In response to paragraph 60 of the Complaint, Federal admits only that the insurance policies at issue are legal and binding contracts and that Federal has duties under the contracts.  Federal denies all remaining allegations in paragraph 60.

61.    In response to paragraph 61 of the Complaint, deny.

62.    In response to paragraph 62 of the Complaint, deny.

**FIFTH CLAIM FOR RELIEF**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

63.    In response to paragraph 63 of the Complaint, Federal reasserts its responses to paragraph 1-62 of the Complaint as set forth above.

64.    In response to paragraph 64 of the Complaint, admit.

65.    In response to paragraph 65 of the Complaint, deny.

66.    In response to paragraph 66 of the Complaint, deny.

///

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to State Facts)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to state facts sufficient to constitute a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Plaintiffs' claims are barred, in whole or in part, to the extent the applicable statutes of limitations have expired.

### FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations, including, but not limited to, the statute of limitations set forth in California Code of Civil Procedure Section 337.

### FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations, including, but not limited to, the statutes of limitations set forth in California Code of Civil Procedure Section 339.

### SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations, including, but not limited to, any limitations contained in the applicable agreements between Plaintiffs and Federal.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

**SEVENTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of laches applies.

**EIGHTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of waiver applies.

**NINTH AFFIRMATIVE DEFENSE**

(No Consent)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek reimbursement or indemnity coverage for monetary obligations assumed or monies paid without securing Defendant's consent.

**TENTH AFFIRMATIVE DEFENSE**

(Legal Action)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to comply with the requirements of the Federal Policies that Plaintiffs comply with all the terms of the Federal Policies and the precedent requirements for bringing legal action against Defendant as stated by the Federal Policies.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Contributory Negligence of Third Parties)

Any and all alleged injuries and/or damages complained of in the Complaint, if any, were proximately caused by or contributed to by the negligent and/or wrongful conduct of Plaintiffs and/or third parties, all of which contributed to, or entirely caused Plaintiffs' alleged damages. Therefore, the alleged damages should be reduced by the percentage of the fault of Plaintiffs and/or third parties.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

## TWELFTH AFFIRMATIVE DEFENSE

### (Performance of Contractual Obligation)

Defendant asserts that to the extent it was required to perform any duty or discharge any obligation under contract or operation of law, any such duty or obligation has been performed, discharged, excused, or rendered impossible or impractical to perform by Plaintiffs or other persons or entities.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Res Judicata)

Plaintiffs' claims are barred, in whole or in part, based on the doctrines of collateral estoppel and/or res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Covered Damages)

Plaintiffs have suffered no covered damage.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of estoppel applies.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, to the extent the doctrine of unclean hands applies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Not Within Policy Period)

Plaintiffs' claims are barred to the extent Plaintiffs seek sums associated with damage, or injury caused by an offense, that took place prior to the commencement or after the expiration of the Federal Policies' policy period.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to exercise reasonable diligence to mitigate their damages.

## NINETEENTH AFFIRMATIVE DEFENSE

(Other Insurance)

Plaintiffs' claims are barred, in whole or in part, by any "other insurance" provisions in the Federal Policies.

## TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Perform Obligations)

Plaintiffs' claims are barred on the basis that Plaintiffs failed to perform their obligations under the terms of the Federal Policies issued by Defendant, thereby excusing Defendant's performance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Policy Provisions)

Plaintiffs' claims are barred, in whole or in part, pursuant to the terms, provisions, definitions, conditions, exclusions, endorsements, and limitations set forth in the Federal Policies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Economic Loss)

Plaintiffs' claims are barred to the extent the claims alleged arise from an uncovered economic loss.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Violation of Law/Public Policy)

Plaintiffs' claims are barred to the extent that Plaintiffs' acts or failure to act that gave rise to the claims referenced in the Complaint were in violation of law and/or public policy.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Non-Accumulation)

To the extent there is coverage, the limits of insurance are limited by the Federal Policies' Non-Accumulation of Limits of Insurance Endorsement.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Untimely Notice)

Plaintiffs' claims are barred to the extent that Plaintiffs failed to give Defendant proper and timely notice as is required under the Federal Policies.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Notice/Prejudice)

Plaintiffs' claims are barred to the extent that Plaintiffs' failure to give Defendant proper and timely notice caused actual prejudice to Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Contractual Liability Exclusion)

Plaintiffs' claims are barred to the extent Plaintiffs seek recovery for purported liability assumed pursuant to contract, lease or any other agreement.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Limits of Liability)

The Federal Policies contain various limits of liability.  In the event Federal is found to have any liability, which Federal denies, said liability would be restricted to the remaining and applicable policy limits.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Intentional Act)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek coverage for any losses arising out of their intentional, willful, fraudulent, or illegal conduct.

///

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

(Insurance Code)

3       Plaintiffs' claims are barred, in whole or in part, by California Insurance Code Sections

4    22 and 250.

5

## THIRTY-FIRST AFFIRMATIVE DEFENSE

6

(Non-Contingent Claim)

7       Plaintiffs' claims are barred to the extent Plaintiffs seek recovery of sums incurred by

8    Plaintiffs for liability arising from an event, act, occurrence, loss or claim that was not fortuitous,

9    was in progress, or was not contingent at or before the time the Federal Policies were issued.

10

## THIRTY-SECOND AFFIRMATIVE DEFENSE

11

(No Covered Cause of Loss)

12       Plaintiffs' claims are barred to the extent Plaintiffs suffered no covered cause of loss as

13    that term is defined by the Federal Policies.

14

## THIRTY -THIRD AFFIRMATIVE DEFENSE

15

(Cooperation Clause)

16       Plaintiffs' claims are barred to the extent Plaintiffs failed to comply with the Federal

17    Policies' policy condition requiring that the insured cooperate in the investigation, settlement and

18    defense of the suit.

19

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

20

(Known Losses)

21       Plaintiffs' claims are barred in whole or in part to the extent the claims alleged

22    constituted losses known at the time of the inception of the Federal Policies.

23

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

24

(Failure to Mitigate Damages)

25       Plaintiffs' claims are barred to the extent Plaintiffs failed to act reasonably on their own

26    behalf to minimize, avoid or otherwise mitigate damages.

27    ///

28

13

1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

(Failure to Disclose)

3

Plaintiffs' claims are barred to the extent that any insured misrepresented, concealed or

4

failed to disclose facts or other information relevant to the issuance of the Federal Policies.

5

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

6

(Good Faith)

7

Plaintiffs' claim for Breach of the Covenant of Good Faith and Fair Dealing is barred

8

because Federal has acted reasonably and in good faith throughout the relevant time period.

9

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

10

(Voluntary Payments Provision)

11

Plaintiffs' claims are barred to the extent that Plaintiffs seek recovery of monetary

12

obligations assumed or expenses incurred by Plaintiffs without Defendant's consent, as is

13

required under the Federal Policies.

14

## THIRTY-NINTH AFFIRMATIVE DEFENSE

15

(Pre-Tender Expenses)

16

Plaintiffs' claims are barred to the extent that Plaintiffs seek recovery of pre-tender

17

expenses, including attorneys' fees.

18

## FORTIETH AFFIRMATIVE DEFENSE

19

(Policy Exclusions)

20

Plaintiffs' claims are barred to the extent that any exclusion contained in the Federal

21

Policies forms a basis for non-coverage of the claim.

22

## FORTY-FIRST AFFIRMATIVE DEFENSE

23

(Unenumerated Torts)

24

Plaintiffs' claims are barred, in whole or in part, to the extent that the Federal Policies'

25

exclusions bar coverage for unenumerated torts.

26

///

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

### FORTY-SECOND AFFIRMATIVE DEFENSE

(No Advertising Injury)

Plaintiffs' claims are barred because there was no "advertising injury" as defined by the Federal Policies.

### FORTY-THIRD AFFIRMATIVE DEFENSE

(No Personal Injury)

Plaintiffs' claims are barred because there was no "personal injury" as defined by the Federal Policies.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

(No Bodily Injury)

Plaintiffs' claims are barred because there was no "bodily injury" as defined by the Federal Policies.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

(No Property Damage)

Plaintiffs' claims are barred because there was no "property damage" as defined by the Federal Policies.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

(No Customer Injury)

Plaintiffs' claims are barred because there was no "customer injury" as defined by the Federal Policies.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

(Customer Injury Exclusion)

Plaintiffs' claims are barred to the extent that any alleged personal injury is precluded by the "customer injury" exclusion.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

(Prior Acts)

Plaintiffs' claims are barred to the extent the Federal Policies' "prior acts" exclusion applies.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

1

## FORTY-NINTH AFFIRMATIVE DEFENSE

2

(Expected or Intended Injury)

3    Plaintiffs' claims are barred to the extent the Federal Policies' "expected or intended

4    injury" exclusion applies.

5

## FIFTIETH AFFIRMATIVE DEFENSE

6

(Equitable Remedies)

7    Plaintiffs' claims are barred to the extent that Plaintiffs seek coverage for the costs

8    incurred to comply with orders issued by the court for injunctive relief, disgorgement of

9    profits, restitution or other similar equitable remedies.

10

## FIFTY-FIRST AFFIRMATIVE DEFENSE

11

(Bodily Injury/Occurrence)

12    Plaintiffs' claims are barred to the extent they seek "bodily injury" damages not caused

13    by an "occurrence" as required by the Federal Policies.

14

## FIFTY-SECOND AFFIRMATIVE DEFENSE

15

(Property Damage/Occurrence)

16    Plaintiffs' claims are barred to the extent they seek damages for "property damage" not

17    caused by an "occurrence" as required by the Federal Policies.

18

## FIFTY-THIRD AFFIRMATIVE DEFENSE

19

(No Publication)

20    Plaintiffs' claims are barred to the extent providing and/or sale of personal financial

21    information do no constitute a "publication."

22

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

23

(Supplemental Payment)

24    To the extent the Federal Policies are triggered, Federal may elect to reimburse

25    supplementary payments rather than defend.

26    ///

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

1

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

2

(Breach of Contract)

3        Plaintiffs' claims are barred to the extent the Federal Policies' "breach of contract"

4    exclusion applies.

5

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

6

(Additional Defenses)

7        Defendant specifically reserves its right to assert further and additional affirmative

8    defenses and policy defenses based upon information that may be provided in discovery or other

9    investigation in the course of this litigation.

10

11        WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted its

12    affirmative defenses thereto, Defendant respectfully prays for judgment against Plaintiffs as

13    follows:

14        1.       That Plaintiffs take nothing by reason of their Complaint on file herein;

15        2.       That the Complaint be ordered dismissed with prejudice;

16        3.       That the Court, adjudge, determine, and decree that Defendant is entitled

17                 to its costs and disbursements in this action, including, but not limited to,

18                 reasonable attorneys' fees; and

19        4.       For such other and further relief as the Court deems just and proper.

20

21    Date: July 12, 2005            TRESSLER   SODERSTROM   MALONEY   &   PRIESS

22

23

24                                   By: _____

25                                        Paul S. White, Esq.
                                          Evan B. Sorensen, Esq.
26                                        Rina Carmel, Esq.
                                          Attorneys for Defendant FEDERAL INSURANCE
27                                        COMPANY

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS

**DEMAND FOR JURY TRIAL**

Defendant FEDERAL INSURANCE COMPANY hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Date: July 12, 2005                TRESSLER   SODERSTROM   MALONEY   &   PRIESS

By:_____
Paul S. White, Esq.
Evan B. Sorensen, Esq.
Rina Carmel, Esq.
Attorneys   for   Defendant   FEDERAL   INSURANCE
COMPANY

LA 83479 (2246-90)

18
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES - CASE NO. C-05-01622 JCS