James Shannon, SBN 232039
Julie A. Ahrens, SBN 230170
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone:    (415) 439-1400
Facsimile:    (415) 439-1500

Attorneys for Defendants
DISCOVER BANK and
DISCOVER FINANCIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISCOVER BANK, A DELAWARE FINANCIAL INSTITUTION, AND DISCOVER FINANCIAL SERVICES, INC., A DELAWARE CORPORATION,<br><br>            Plaintiffs,<br><br>    vs.<br><br>FEDERAL INSURANCE COMPANY, AN INDIANA CORPORATION,<br><br>            Defendant. | **Case No. 05-01622 (JCS)**<br><br>**STIPULATION OF DISMISSAL**<br><br><br>ORDER |

        IT IS HEREBY STIPULATED by and between the parties in this action through their designated counsel that Discover's Complaint in the above-captioned action shall be dismissed in its entirety without prejudice pursuant to Fed. R. Civ. Pro. 41(a)(1).

        This Stipulation of Dismissal is made by the Parties to effectuate certain provisions of a Settlement Agreement entered into by them on December 2005. Capitalized terms in this Stipulation shall have the meaning given them in that Agreement, to which this Stipulation is

attached as an exhibit and of which it is a material and integral part.

DATED: ~~December ____, 2005~~
January 5, 2006

KIRKLAND & ELLIS, LLP
JAMES SHANNON

By: _____
James Shannon
Attorneys for Plaintiffs
DISCOVER FINANCIAL SERVICES LLC
AND DISCOVER BANK

DATED:  December ____, 2005

HIGGS, FLETCHER & MACK LLP
THOMAS M. CORRELL

By: _____
Thomas M. Correll
Attorneys for Defendant
FEDERAL INSURANCE COMPANY

attached as an exhibit and of which it is a material and integral part.

DATED:  December _____, 2005

KIRKLAND & ELLIS, LLP
JAMES SHANNON


By:_____
    James Shannon
    Attorneys for Plaintiffs
    DISCOVER FINANCIAL SERVICES LLC
    AND DISCOVER BANK

DATED:  December _19_, 2005

HIGGS, FLETCHER & MACK LLP
THOMAS M. CORRELL


By: _Thomas M. Correll_____
    Thomas M. Correll
    Attorneys for Defendant
    FEDERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GRANTED

Judge Samuel Conti

1/6/06

2
STIPULATION OF DISMISSAL

Case No. 05-01622 (JCS)

**EXHIBIT**

## SETTLEMENT AGREEMENT

WHEREAS, Plaintiffs Discover Bank and Discover Financial Services, Inc. (collectively "Discover") filed an action that is currently pending against Defendant Federal Insurance Company ("Federal") in the United States District Court for the Northern District of California, Civil Action No. 05-01622 (JCS) (the "Action"), asserting claims for declaratory relief; breach of contract; and breach of the covenant of good faith and fair dealing; and

WHEREAS, contested issues of law and fact exist concerning the allegations and claims made against Federal; and

WHEREAS, the parties desire to settle the Action on the terms and conditions herein set forth, for the purposes of avoiding the burden and expense of continuing litigation.

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, Federal and Discover, themselves and through their undersigned counsel, agree to the settlement of the Action under the following terms and conditions.

## DEFINITIONS

1.    As used in this Settlement, the following terms have the meanings specified below:

    a.    "Action" means the action entitled Discover Bank and Discover Financial Services, Inc. v. Federal Insurance Company, United States District Court for the Northern District of California, Case No. 05-01622 (JCS).

    b.    "Court" means the United States District Court for the Northern District of California.

    c.    "Defendant" means and refers to Federal Insurance Company ("Federal"), an insurance company licensed by the California Department of Insurance to do business in California as an insurer with offices in Pleasanton, California. Federal is a corporation organized under the laws of Indiana and with its principal place of business in New Jersey.

d.     "Defendant's Counsel" means Higgs, Fletcher and Mack LLP, 401 West
       A Street, Suite 2600, San Diego, CA 92101 and Tressler, Soderstrom,
       Maloney & Preiss, 1901 Avenue of the Stars, Suite 450, Los Angeles, CA
       90067.

e.     "Discover" means and refers to Discover Financial Services, Inc., which is
       now Discover Financial Services LLC, a corporation organized under the
       laws of Delaware with its headquarters in Riverwoods, Illinois and
       Discover Bank, a federally-insured bank chartered and incorporated in the
       State of Delaware and the issuer of the Discover® brand credit cards.

f.     "Dismissal" refers to the voluntary dismissal of the Action, which shall be
       substantially in the form of Exhibit A hereto, after it becomes Final.

g.     "Effective Date" shall have the meaning set forth in Paragraph 19 of this
       Settlement Agreement.

h.     "Federal Policies" means and refers to two insurance policies issued by
       Federal Insurance Company to Morgan Stanley Dean Witter & Co.:
       (1) Policy No. 3532-18-73, for the policy term October 1, 1998 to October
       1, 2000; and (2) Policy No. 7318-04-79, for the policy term October 1,
       2000 to October 1, 2001.

i.     "Parties" means Federal, Discover Financial Services, Inc. and Discover
       Bank.

j.     "Person" means an individual, corporation, partnership, limited
       partnership, association, joint stock company, estate, legal representative,
       trust, unincorporated association, government or any political subdivision
       or agency thereof, and any other business or legal entity, and their
       spouses, heirs, predecessors, successors, agents, representatives or
       assignees.

k.     "Plaintiffs" means and refers to Discover Financial Services, Inc. and
       Discover Bank.

l.      "Plaintiffs' Counsel" means and refers to Kirkland & Ellis LLP,
555 California Street, Suite 2700, San Francisco, CA 94104.

m.      "Shakib Action" means and refers to the action entitled <u>Shakib, et al.</u> v.
<u>Discover Bank, et al.</u>, Superior Court of the State of California for the
County of San Francisco, Case No. CGC 02-416194.

## RECITALS

2.      Plaintiffs' Complaint (the "Complaint") was filed on or about April 19, 2005 in
the Action.  Discover alleges that it is the named insured on two insurance policies issued by
Federal (the "Federal Policies") and that the Federal Policies explicitly provide coverage for
"oral or written publication of material that violates a person's right of privacy, when alleged,
charged or suffered by any customer."  Discover has been sued in a class action (the "Shakib
Action") alleging that Discover's information-sharing practices violate its California
Cardmembers' privacy rights.  Discover alleges in the Action that despite the language in the
Federal Policies covering such claims, Federal refused coverage for the Shakib Action on the
sole basis that Discover allegedly gave late notice to Federal of the Shakib Action.

3.      Discover's First and Second Claims for Relief in the Action request declarations
that Federal owes Discover a duty to defend it in the Shakib Action and that the Federal Policies
require Federal to indemnify Discover for all damages and liability, up to the coverage limits of
the Federal Policies that Discover may be legally obligated to pay in connection with the Shakib
Action.

4.      Discover's Third and Fourth Claims for Relief in the Action allege that Federal
has breached its contractual obligations owed to Discover under the Federal Policies by failing to
provide Discover with a complete defense, failing to commit to pay Discover for the costs of
defense of the Shakib Action, and failing to commit to indemnify Discover for any liability or
damages it may incur in connection with the Shakib Action.

5.      Discover's Fifth Claim for Relief in the Action alleges that Federal has breached
the covenant of good faith and fair dealing by failing to conduct a prompt and complete

investigation of the Shakib Action; failing to state proper and adequate bases for denying coverage of the Shakib Action and asserting grounds for denying coverage contrary to the facts and the law; giving more weight to its own interests than those of Discover by ignoring applicable law; misrepresenting pertinent facts and/or insurance policy provisions relating to the coverages at issue; and compelling Discover to initiate litigation to recover amounts due under the Federal Policies.

6.     Federal denies all claims asserted against it in the Action and denies all allegations of wrongdoing and liability.

7.     The parties desire to settle the Action and the claims asserted in the Action on the terms and conditions set forth herein solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing these proceedings, and for the purpose of putting to rest the controversies engendered by the Action.

## TERMS OF THE SETTLEMENT

Now, therefore, in consideration for the complete and final settlement of the Action under the terms and conditions set forth below, the Parties agree as follows:

### No Admission Of Liability

8.      Neither the Settlement, discussions relating to any settlement, nor any act performed or document prepared (whether or not executed) pursuant to or in furtherance of the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claims released in paragraphs 15 - 17, or of any wrongdoing or liability of Federal; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Federal in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  A party may file the Settlement Agreement and/or the Orders of Dismissal in any action arising out of or related to the subject of this Agreement, that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### Dismissals

9.      The Parties hereby agree that each Cause of Action in Plaintiffs' Complaint shall be dismissed by Discover without prejudice, in the form attached hereto as Exhibit A.

10.     Federal further agrees to extend Discover a defense in the Shakib Action consistent with this agreement and subject to its written reservation of rights under the Federal Policy, dated June 20, 2005.

11.     Federal hereby waives and agrees not to invoke late notice as a policy defense against  Discover and all the insureds under the Federal Policies who have been named in the Shakib Action.  Specifically, Federal agrees to waive the Condition in the Federal Policies requiring the insured to provide prompt notice of the claim, as set forth in Form 17-02-3080 (Ed.

4-95), under the heading "Duties in The Event of Occurrence, Offense, Claim or Suit," Sections

A., B. and item 1. of section C.  That language is as follows:

    A.  You must see to it that we are notified as soon as practicable of an occurrence or an offense which may result in a claim.  To the extent possible, notice should include:

        1.    how, when and where the occurrence or offense took place;

        2.    the names and addresses of any injured persons and witnesses; and

        3.    the nature and location of any injury or damage arising out of the occurrence or offense.

    B.  If a claim is made or suit is brought against any insured, you must:

        1.    immediately record the specifics of the claim or suit and the date received; and

        2.    notify us in writing as soon as practicable.

    C.  You and any other involved insured must:

        1.    immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit;

                *     *     *

    12.    Federal does not waive any of its rights as to other policy Conditions or any other policy provisions.

    13.    Federal hereby waives any assertion of a conflict of interest that Plaintiffs' Counsel has, may have, or may in the future have in its representation of the defendants in the Shakib Action that arises out of or relates to this Action.

**Attorney's Fees And Costs**

    14.    Each party shall bear its own attorney's fees and costs incurred in the prosecution, defense or settlement of the Action.  No Party shall be deemed a "prevailing party" or "successful party" within the meaning of any federal or state law.

**Releases**

15.     In exchange for Federal's waiver of its rights regarding the policy Condition set forth in Paragraph 11 above, Discover and all the insureds under the Federal Policies who have been named in the Shakib Action hereby release Federal from any obligation to pay for any attorney fees or costs in defense of the Shakib Action that Discover incurred before October 30, 2004, the date Discover tendered the claim to Federal.

16.     In exchange for Federal's waiver of its rights regarding the policy Condition set forth in Paragraph 11 above, Discover and all the insureds under the Federal Policies who have been named in the Shakib Action hereby release Federal and Chubb & Son for all claims, known and unknown, expressly included in the Action including but not limited to Discover's action against Federal for breach of the covenant of good faith and fair dealing based upon Federal's conduct in handling Discover's claim regarding the Shakib Action; however, the Parties agree that this release shall apply only up to and including July 21, 2005, the date the Parties reached an agreement in principle to settle the Action.  It is specifically understood that Discover and all the insureds under the Federal Policies who have been named in the Shakib Action maintain the right to pursue any and all claims under the policies, including any claims of breach of the covenant of good faith and fair dealing, based upon Federal's conduct subsequent to July 21, 2005.

**Limited Release Of Claims Known Or Unknown**

17.     It is expressly agreed and understood by the Parties that the releases contained in Paragraph 15-16 include any and all claims, demands, actions, causes of action, rights, remedies, debts, liabilities, obligations and defenses of every kind, nature and description whatsoever, whether now known or unknown, by reason of any matter, cause or thing done or omitted to be done within the scope of the subject matter described in this Agreement.   The Parties expressly agree and understand that upon execution of this Agreement, the Parties, and each of them, shall have no further claims against each other based on the released matters subject to the limitation

7

that this release is limited in time and extends only up to and including July 21, 2005, the date the Parties reached an agreement in principle to settle the Action.  The Parties acknowledge that they have had explained to them by their attorneys, and that they are familiar with, Section 1542 of the Civil Code of the State of California, which provides as follows:

> "A general release does not extend to claims which the creditor does not
> know or suspect to exist in his favor at the time of executing the release,
> which if known by him, must have materially affected his settlement with
> the debtor."

Subject to the condition that this release is limited in time and extends only up to and including July 21, 2005, the date the Parties reached an agreement in principle to settle the Action, the Parties expressly waive and relinquish as to the released matters only all rights and benefits which they have, had, or may have under Section 1542 of the Civil Code and any and all similar laws of any other jurisdiction.  The Parties hereby acknowledge that they are aware that they, or their attorneys, may hereafter discover facts different from or in addition to those which the Parties, or their attorneys, now know or believe to be true with respect to the claims, actions, causes of action, rights, remedies, debts, demands, liabilities, obligations, and defenses of every kind herein released, and the Parties agree that this instrument shall be and remain in effect as a full and complete release as to the released matters, notwithstanding the discovery or existence of any such different or additional facts.

18.     Discover and all the insureds under the Federal Policies who have been named in the Shakib Action hereby represent and warrant that as of the date of this Settlement Agreement and as of the Effective Date, it has not, and will not, assign, encumber, hypothecate or transfer, or purport to assign, encumber, hypothecate or transfer, to any Person in any manner, including by way of subrogation, any of the released claims and rights that are the subject of the releases set forth in Paragraphs 15-17, above.

8

**Effectiveness Of Settlement**

19.     The Effective Date of the Settlement shall be two days after the Court has entered the Order of Dismissal substantially in the form of Exhibit A attached hereto.

20.     If, for any reason, the Settlement fails to become effective, the Parties will be returned to their positions quo ante with respect to the Action as if the Settlement had not been entered into.

**Confidentiality**

21.     (a)     All agreements relating to the confidentiality of information entered into during the course of the Action shall survive this Settlement Agreement.

(b)     It is a material inducement of the Parties hereto to enter into this compromise and settlement of their disputes and differences that such disputes and differences, and the terms and provisions of the Agreement, shall be, and remain, strictly confidential. Accordingly, neither this Agreement, nor any of its terms, nor any facts in any way relating to, arising out of or in connection with the investigation, handling, defense, or settlement of claims related hereto, or any of them, shall be disclosed by any Party hereto, or by their counsel, to any person, and shall not be made the subject of discovery, referred to, argued, or introduced into evidence in any other action or proceeding, for any purpose, except that this Agreement and its terms may be disclosed:  (a) as required by law or court order; (b) to any insurer or reinsurer of any of the Parties hereto in connection with Federal's insurance or reinsurance obligations; (c) to counsel, accountants, and auditors of any of the Parties hereto; (d) in any action or proceeding where the existence, enforcement, or terms of the Agreement are at issue; or (e) by written agreement of the Parties hereto.  If this Agreement or its terms are disclosed pursuant to subparagraphs (a) or (d) above, the party disclosing such information shall give, to the extent reasonably possible,  prior written notice thereof to each of the other Parties hereto.

**No Precedential Value**

22.    The settlement reflected in this Agreement shall be without precedential value, and it is not intended to be, nor shall it be construed as, an interpretation of any insurance policy. It shall not be used as evidence, or in any other manner, in any court or other dispute resolution proceeding, to create, prove, or interpret the obligations of Discover and Federal under any insurance policy issued by Federal to any person or entity.

## GENERAL PROVISIONS

23.    This Settlement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action.  This Settlement shall not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms' length negotiations resulting in the Settlement, all Parties have contributed substantially and materially to the preparation of the Settlement.  This Settlement supersedes all prior negotiations and agreements and may not be modified or amended except by a writing signed by Federal, Discover and their respective attorneys.

24.    Each Party to the Settlement warrants that he, she or it is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in the Settlement.

25.    All of the Exhibits to this Settlement are material and integral parts hereof and are fully incorporated by reference.

26.    The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of the Settlement and to obtain the benefit of the Settlement for the Parties.

10

27.     This Settlement shall be construed, enforced and administered in accordance with the laws of the State of California without reference to its conflict of laws principles.

28.     The Parties agree to stay all proceedings in the Action until the Dismissal is final, except as may be necessary to effectuate the Dismissal or to comply with the terms of the Settlement.  The Parties further agree to take all steps necessary to cause the Court to so stay all proceedings.

29.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.  The Parties expressly retain their right to bring suit for any material breach of this Agreement.

30.    This Settlement may be executed in counterparts, by either an original signature or signature transmitted by facsimile transmission or other similar process and each copy so transmitted shall be deemed to be an original, and all copies so executed shall constitute one and the same instrument.

AGREED AND ACCEPTED:

DATED: December _____, 2005          DISCOVER FINANCIAL SERVICES LLC

                                     By:_____

                                     Its:_____


DATED: December _____, 2005          DISCOVER BANK

                                     By:_____

                                     Its:_____


DATED: December 22, 2005             FEDERAL INSURANCE COMPANY

                                     By:_____

                                     Its:_____

30.     This Settlement may be executed in counterparts, by either an original signature or signature transmitted by facsimile transmission or other similar process and each copy so transmitted shall be deemed to be an original, and all copies so executed shall constitute one and the same instrument.

AGREED AND ACCEPTED:

DATED:  December ____, 2005                    DISCOVER FINANCIAL SERVICES LLC

                                               By: _____

                                               Its: _Vice President, Asst Gen Counsel_

DATED:  December _28_, 2005                    DISCOVER BANK

                                               By: _____

                                               Its: _Secretary_

DATED:  December ____, 2005                    FEDERAL INSURANCE COMPANY

                                               By: _____

                                               Its: _____

APPROVED AS TO FORM AND CONTENT:

DATED: ~~December ____, 2005~~          KIRKLAND & ELLIS, LLP
       January 5, 2006          JAMES SHANNON


By:_____
      James Shannon
      Attorneys for Plaintiffs
      DISCOVER FINANCIAL SERVICES LLC.
      AND DISCOVER BANK

APPROVED AS TO FORM AND CONTENT:

DATED: December ____, 2005          HIGGS, FLETCHER & MACK LLP
      THOMAS M. CORRELL


By:_____
      Thomas M. Correll
      Attorneys for Defendant
      FEDERAL INSURANCE COMPANY

APPROVED AS TO FORM AND CONTENT;

DATED:  December ____, 2005            KIRKLAND & ELLIS, LLP
                                       JAMES SHANNON


                                       By:_____
                                           James Shannon
                                           Attorneys for Plaintiffs
                                           DISCOVER FINANCIAL SERVICES LLC.
                                           AND DISCOVER BANK

APPROVED AS TO FORM AND CONTENT:

DATED:  December _19_, 2005            HIGGS, FLETCHER & MACK LLP
                                       THOMAS M. CORRELL



                                       By: _Thomas M. Corell_____
                                           Thomas M. Correll
                                           Attorneys for Defendant
                                           FEDERAL INSURANCE COMPANY

13